### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION<br>HEALTH AND WELFARE FUND, ET. AL<br><br>           Plaintiffs,<br><br>     v.<br><br>RED COATS, INC.<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:07-cv-02184-ESH<br>)<br>)<br>)<br>)<br>) |

### ANSWER TO COMPLAINT

Defendant, Red Coats, Inc. ("Defendant"), by its undersigned attorneys, hereby answers the Complaint in this action as follows:

### Introduction, Jurisdiction and Venue

1.  Defendant admits that Plaintiffs have brought this action under the statutes cited in Paragraph 1, but denies that Defendant is liable to Plaintiffs or has violated any of the statutes cited in Paragraph 1.

2.  Defendant admits the allegations contained in Paragraph 2.

3.  Defendant admits the allegations contained in Paragraph 3.

### Parties

4.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and, therefore, denies these allegations.

5.  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 and, therefore, denies these allegations.

6.  Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits that it has offices at 4401 East West Highway, Bethesda, Maryland, 20814, but denies the remaining allegations in Paragraph 7.

**Factual Background**

8. Answering the first sentence of Paragraph 8, Defendant admits that some of its employees are represented by SEIU Local 32BJ, but denies that all of its employees are so represented. Answering the second sentence of Paragraph 8, Defendant admits the same.

9. Defendant admits that it has employees working in Washington, DC, Baltimore, Maryland and Montgomery County, Maryland who are represented by SEIU Local 32BJ, but denies the remaining allegations in Paragraph 9.

10. Defendant admits that it is signatory to a collective bargaining agreement with the Union covering Washington, D.C. with a term of May 1, 2003 through April 30, 2008, but is without sufficient information to admit or deny and, therefore, denies that a "true, correct copy" of this collective bargaining agreement is attached to the Complaint as Exhibit 1 and any other remaining allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent these allegations are deemed not to be legal conclusions, they are denied in their entirety.

12. Answering the first sentence of Paragraph 12, Defendant denies the same. Answering the second sentence of Paragraph 12, Defendant admits that it has remitted monies to the SEIU Health & Welfare Fund ("Fund") in response to invoices received from the Fund, but denies the remaining allegations in Paragraph 12.

13. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 13.

14. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 14.

15. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 15.

16. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 16.

17. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 17.

18. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 18.

19. Defendant admits that Plaintiffs performed a payroll audit of Defendant on or about the alleged dates, but is without sufficient information to admit or deny and, therefore, denies the remaining allegations in Paragraph 19.

20. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 20.

21. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 21.

22. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 22.

23. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 23.

24. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 29.

30. Defendant admits that its received the document attached to the Complaint as Exhibit 4, but denies the remaining allegations in Paragraph 30.

31. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent these allegations are deemed not to be legal conclusions, they are denied in their entirety.

## COUNT I

37. Defendant restates and realleges its responses to Paragraphs 1 through 36 of the Complaint as if fully restated herein.

38. Defendant admits that Plaintiffs have brought this claim under the statutory provisions cited in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40.    Defendant denies the allegations contained in Paragraph 40.

41.    Defendant denies that there are any "underpayments" from it to the Fund, and is without sufficient information to admit or deny and, therefore, denies the remaining allegations contained in Paragraph 41.

42.    Defendant denies that it has failed to submit any "amounts owed," and is without sufficient information to admit or deny and, therefore, denies the remaining allegations contained in Paragraph 42.

43.    Defendant admits that it received letters from Plaintiffs prior to commencement of this action, but denies the remaining allegations contained in Paragraph 43.

The WHEREFORE portion of the Complaint contains Plaintiffs' judgment demand, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint or to any other relief.

All allegations not heretofore admitted or denied are specifically and fully denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including but not limited to failing to state the purported basis for Defendant's alleged contribution obligation in Baltimore and Montgomery County, Maryland, failing to state the purported specific basis for Defendant's alleged contribution obligation in the Washington, DC collective bargaining agreement, and failing to state the purported basis for Defendant's allegedly being bound by the Fund's Restated Agreement and Declaration of Trust and the "Collection Policy" attached to the Complaint.

2.    Plaintiffs' Complaint, in whole or in part, should be dismissed because Plaintiffs' claim is barred by the applicable statute of limitations.

3.    Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of laches.

4. Plaintiffs' Complaint, in whole or in part, is barred by the parties' course of dealing.

5. Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of estoppel.

6. Plaintiffs lack standing to bring some or all of the claims set for in their Complaint.

7. Plaintiffs have, in whole or in part, failed to exhaust internal grievance and arbitration procedures that are the exclusive forum for resolving their claim.

8. Plaintiffs have failed to mitigate their alleged damages.

9. Defendant specifically reserves the right to amend this Answer to add or delete affirmative defenses and/or counterclaims as additional investigation, discovery or circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiffs' Complaint be dismissed with prejudice in its entirety, and that judgment be entered in Defendant's favor.

2. The Court deny Plaintiffs' requested relief.

3. The Court award Defendant its costs and attorney's fees.

Respectfully submitted,

RED COATS, INC.

By: /s/ Charles F. Walters
Charles F. Walters, # 444529

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Its Attorneys

Dated: January 22, 2008

6