UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION HEALTH AND WELFARE FUND, et al.<br><br>                        Plaintiffs,<br><br>v.<br><br>RED COATS, INC.<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:07-cv-02184-ESH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF STATEMENT OF CASE AND STATUTORY BASIS**

Plaintiffs Service Employees International Union Health and Welfare Fund, et al., an employee benefit plan and its Trustees bring this civil action against Defendant Red Coats, Inc. to collect unpaid collectively bargained contributions, interest, and liquidated damages allegedly owed by the Defendant under a Collective Bargaining Agreement(s) and all other relevant documents associated with the Plaintiff Fund. This civil action is brought pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

**RULE 16 REPORT**

COME NOW the parties, by their undersigned counsel, and submit the following preliminary Rule 16 Report.

1.  <u>Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.</u>

    The parties anticipate that one or more dispositive motions may be filed following discovery.

2.  <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

    The parties request that they be given fifteen (15) days after discovery has closed, or July 15, 2008, to determine whether other parties shall be joined or pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

3.  <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

    The parties are discussing this option.

4.  <u>Whether there is a realistic possibility of settling the case.</u>

    The parties have been in discussion regarding the settlement of the case, and settlement may be a possibility after review of relevant documents and/or initial discovery.

5.  <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>

    Mediation or other form of ADR may be beneficial after discovery, and ruling on any dispositive motions filed.

6.  <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions, and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>

    The parties request that they be given sixty (60) days following the close of discovery to file dispositive motions.

7.  <u>Whether the parties should stipulate to dispense with the initial disclosures required by F.R.C.P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>

    The parties request that they be given forty five days (45) following the date on the Order For Initial Scheduling Conference to file all required initial disclosures required by F.R.C.P. 26(a)(1), as well as any requests for changes made in the scope, form or timing of those disclosures.

8.  <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

    The parties request one hundred fifty (150) days for discovery. The deadline for discovery would be July 30, 2008 (All discovery to be served such that responses are due on or before July 30, 2008).

    Depositions:      limit of 7 per party

    Interrogatories:   25

    Otherwise pursuant to Federal Rules.

9.  <u>Whether the Requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.C.P., should be modified, and whether and when depositions of experts should occur.</u>

        The parties will identify any experts within the time prescribed by Rule 26(a)(2).

10. <u>The settlement of any and all issues relating to the discovery of electronically stored information, preservation of discoverable information, and assertions of privilege or of protection as trial-preparation materials, including whether to ask the Court to enter an order reflecting any agreement between the parties regarding the procedure for asserting such claims after production.</u>

    The parties will discuss any issues regarding electronically stored information, as well as all related issues, at the Scheduling Conference, and will determine whether a Court order is necessary.

11. <u>In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

    Not applicable.

12. <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

    Not applicable.

13. <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

    Approximately thirty (30) days following all rulings on dispositive motions.

14. <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

    The parties prefer that the trial date be set at the Pre-Trial Conference.

15. <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

    None at this time.

                                        Respectfully Submitted,

BY:    ____/s/ Charles F. Walters_____
           Charles F. Walters (DC Bar#444529 )
           Seyfarth Shaw LLP
           815 Connecticut Ave, NW, Suite 500
           Washington, DC 20006
           (202) 828-5371
           (202) 641-9271 Facsimile
           cwalters@seyfarth.com
           Counsel for Defendant

BY:    ___/s/ Richard C. Welch_____
           Richard C. Welch (DC Bar# 485756)
           Mooney, Green, Baker & Saindon, P.C.
           1920 L Street, NW
           Washington, D.C.  20036
           (202) 783-0010
           (202) 783-6088 Facsimile
           rwelch@mooneygreen.com
           Counsel for the Plaintiffs

Dated: February 13, 2008